UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Antoaneta Iotova and Issak Almaleh,

                Plaintiffs,   **MEMORANDUM & ORDER**
                   19-CV-01957 (DG) (MMH)
   -against-

Warden Herman E. Quay, *et al.*,

                Defendants.
---------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On March 4, 2024, Magistrate Judge Marcia M. Henry issued a Report and Recommendation ("R&R") recommending that (1) the Motion to Dismiss brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Herman E. Quay, Myrna Bridges, Keisha Spivey, and the United States of America (the "Moving Defendants"), ECF No. 118, should be granted; (2) *pro se* Plaintiffs' Third Amended Complaint, ECF No. 70, should be dismissed with prejudice; and (3) leave to amend should be denied as futile. *See generally* R&R, ECF No. 142.[1]

Plaintiffs filed objections to the R&R, *see* ECF Nos. 143, 144, which the Court construes liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[2] The Moving Defendants did not file any objections to the R&R or any response to Plaintiffs' objections to the R&R. *See generally* docket.

A district court "may accept, reject, or modify, in whole or in part, the findings or

---

[1] Familiarity with the detailed procedural history and background of this action is assumed herein.

[2] The filings at ECF Nos. 143 and 144 are substantively identical but were received by the Clerk's Office on different dates – March 20, 2024 and March 25, 2024, respectively.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"); *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010) ("As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."); *Lorick v. Kilpatrick Townsend & Stockton LLP*, No. 18-CV-07178, 2022 WL 1104849, at *2 (E.D.N.Y. Apr. 13, 2022).  To accept those portions of an R&R to which no timely objection has been made, however, "a district court need only satisfy itself that there is no clear error on the face of the record." *Lorick*, 2022 WL 1104849, at *2 (quoting *Ruiz v. Citibank, N.A.*, No. 10-CV-05950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011).

In light of Plaintiffs' objections and out of an abundance of caution, the Court reviews *de novo* the entirety of the R&R.  A review of the R&R, the record, and the applicable law reveals that Judge Henry properly concluded that the Motion to Dismiss, ECF No. 118, should be granted; that Plaintiffs' Third Amended Complaint, ECF No. 70, should be dismissed; and that leave to amend should be denied.  The Court adopts the R&R, as modified to reflect that dismissal of Plaintiffs' Federal Tort Claims Act ("FTCA") claims is without prejudice.[3]

The Motion to Dismiss, ECF No. 118, is GRANTED; the Third Amended Complaint, ECF No. 70, is DISMISSED in its entirety, with dismissal of the FTCA claims being without

---

[3] Dismissal of Plaintiffs' FTCA claims is for lack of subject matter jurisdiction.  *See* R&R at 10-17.

prejudice; and Plaintiffs are denied leave to further amend.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment accordingly and to close this case.  The Clerk of Court is further directed to mail a copy of this Order to each Plaintiff.

SO ORDERED.

                                              */s/ Diane Gujarati*
                                              DIANE GUJARATI
                                              United States District Judge

Dated: April 8, 2024
        Brooklyn, New York